U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

AUG 0 9 2004

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

APRIL HERNANDEZ  
    Plaintiff

CIVIL ACTION NO. CV04-1649-S

VERSUS

JUDGE **JUDGE HICKS**

WAYNE FARMS, L.L.C.  
    Defendant

MAGISTRATE **MAGISTRATE JUDGE PAYNE**

**COMPLAINT WITH JURY DEMAND**

I. JURISDICTION

1.

This is an action for damages against the plaintiff's former employer for reprisals by the defendant against the plaintiff in violation of Louisiana Revised Statutes, Title 23, Section 967.

2.

Jurisdiction is based upon diversity of citizenship, 28 U.S.C. §1332.

3.

The plaintiff is a resident and citizen of Arkansas.

4.

The defendant is a foreign limited liability company organized under the laws of a state

COMPLAINT, PAGE 1 OF 6

other than Louisiana or Arkansas and having its principal place of business in a state other than Louisiana or Arkansas.

5.

The amount in controversy exceeds $75,000.

6.

Venue is proper under 28 U.S.C. §1391 in that substantially all of the events or omissions giving rise to the plaintiff's claims occurred within this judicial district.

II. FACTS

7.

The defendant is in the business of operating poultry processing plants in several states including Louisiana..

8.

The plaintiff was hired by the defendant to be a microbiology lab supervisor at its Bossier City, Louisiana plant on January 27, 2003.

9.

The plaintiff held the position of microbiology lab supervisor at the defendant's Bossier City plant until her termination on October 16, 2003.

10.

During her employment with the defendant the plaintiff resided in Bossier City and was a

citizen of the State of Louisiana.

11.

On Monday, July 7, 2003, shortly after her arrival at work the plaintiff discovered that during the weekend certain product at the Bossier City plant had tested presumptively positive for Listeria monocytogenes, a pathogen for which the defendant was required to test under the Poultry Products Inspection Act, 21 U.S.C. §453 et seq.

12.

The same day the plaintiff was instructed to shred paper work in connection with the discovery of the presumptively adulterated product.

13.

The plaintiff took some of the documents she had been instructed to shred out of the office to her home, leaving, however, some items relative to the presumptively adulterated product in the files.

14.

The plaintiff also saved physical evidence, plates, that could be tested for Listeria monocytogenes.

15.

On about July 14, 2003, the plaintiff reported the incident described above to the Springdale District Office of the U. S. Department of Agriculture in Springdale, Arkansas.

16.

On about July 15, 2003, the plaintiff met with investigators with the USDA and provided them the documents she had been instructed to shred by the defendant.

17.

On about August 15, 2003, the plaintiff met with other investigators for the USDA and delivered the plates she had saved.

18.

The plaintiff has been advised that the USDA had positively identified Listeria monocytogenes from the plates.

19.

Shortly after August 15, 2003, the plaintiff began to receive unjustified writeups and discipline at work..

20.

On about October 16, 2003, the plaintiff was terminated. The reasons for her termination were vague but had to do with work performance according to the defendant.

21.

In fact, the plaintiff was terminated because of her notifying the USDA of a presumptively positive test for a pathogen which the defendant wished her to conceal.

III. CAUSE OF ACTION

22.

Under the law of the State of Louisiana the plaintiff has a claim against the defendant for damages, attorney fees and costs.

23.

Specifically, La. R.S. 23:967 provides that an employer shall not take reprisal against an employee who in good faith provides information to any public body conduction an investigation into a violation of law or who objects to or refuses to participate in an employment practice that is in violation of law.

24.

The plaintiff suffered reprisal by being terminated by the defendant because of her providing information to the USDA and because she refused to destroy documents in violation of the federal statutes concerning poultry inspection.

IV. REQUEST FOR JURY

25.

The plaintiff demands trial by jury.

WHEREFORE THE PLAINTIFF PRAYS that after trial by jury she be granted judgment in her favor and against the defendant for damages, attorney fees, and costs, for violation of La.. R.S. 23:967, such damages including compensatory damages, back pay, benefits, and

reinstatement (or front pay), and interest.

                            RATCLIFF & GREER

BY: _____
          J. Broocks Greer III (6343)
          Attorney at Law
          Post Office Box 4737
          2620 Centenary Boulevard, Building 3 Mezzanine
          Shreveport, LA 71134-0737
          1 (318) 222-7611 [facsimile]
          1 (318) 221-1711 [voice]

          ATTORNEYS FOR THE PLAINTIFF